UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS E. PEREZ, SECRETARY OF LABOR,
United States Department of Labor,

Plaintiff,

v.

SHERRY L. HILL, individually and
as fiduciary of the Stinger Sheet Metal, Inc.
SIMPLE IRA Plan

Defendant.

CIVIL ACTION
FILE NO.

3:14-cv-52 (Groh)

## CONSENT JUDGMENT AND ORDER

Defendant Sherry L. Hill and Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), have agreed to resolve all matters in controversy in this action (including penalties under ERISA §502(l), 29 U.S.C. §1132(l), which have been waived pursuant to 29 U.S.C. §1132(l)(3)) and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

Defendant has waived the requirements of Federal Rule of Civil Procedure 4 as to service of summons upon her and has acknowledged receipt of Plaintiff's Complaint. By consenting to this Order, Defendant has admitted to the jurisdiction of this Court over her and over the subject matter of this action.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

WHEREAS, Defendant and Plaintiff having agreed to the terms of this Consent Judgment and Order, subject to its approval by the Court and with due consideration and being fully advised of the premises,

1

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

## PAYMENT TO SIMPLE PLAN ACCOUNTS

1. In a related action, United States of America v. Sherry Lynn Hill, United States District Court, District of West Virginia, Case No. 3:10-cr-47, Defendant Sherry L. Hill is subject to an Order to pay $31,766.20 ("Prior Order", Attachment A) to the Stinger Sheet Metal, Inc. SIMPLE IRA Plan ("the Plan") to be allocated among Plan participants whose employee contributions were withheld from their paychecks but not transmitted to the Plan.

2. Defendant, Sherry L. Hill shall pay an additional $20,120.95 into the Plan and said amount shall be allocated to the Plan participants whose employer contributions were not remitted to the Plan for the years 2006 and 2007. Said amount shall be allocated to the Plan participants listed in Attachment B, whose employer contributions were not collected or remitted to the Plan, according to the amount each participant is due. None of said amount shall be allocated to Defendant Sherry L. Hill's account or otherwise benefit the Defendant. Based upon Defendant's documented inability to pay the additional amount to the Plan while she is paying the Prior Order, the payment of $20,120.95 shall be made in accordance with paragraphs ##3-6.

3. Defendant Sherry L. Hill shall commence payment to the Plan by the tenth day of the month following the month when her payments are completed pursuant to the Prior Order, but no later than February 10, 2017.

4. Payments shall be sent to the Plan to Edward Jones, Inc., 120a West Washington Street, Charles Town, W.V. 25414 (or to any successor custodian to the Plan).

5. Once initiated, such payments shall be made monthly on or before the tenth day of each month in a minimum amount of $300 until all payments hereunder are made in full satisfaction of the amounts owed to participants as set forth in Attachment B. Defendant Hill may make any

additional payments to satisfy the amounts owed as shown above without penalty. However, Defendant Hill must pay the full amount no later than 67 months after the first payment is due. If a payment is more than fifteen (15) days late, the remaining balance of the Consent Judgment amount becomes immediately due and payable, and Defendant Hill shall be responsible for any costs incurred by the Secretary to collect the remaining amounts due.

6. Starting on May 1, 2017, Defendant Hill shall send a copy of her Federal Income tax to U.S. Department of Labor for the prior year to the address set forth in paragraph #9. If Defendant Hill's annual gross income on her tax return exceeds $50,000 for any year while payments are required, she agrees to make an additional payment to the Plan of 10% of any amount above $50,000 no later than on June 30th of that year in order to expedite full payment of the Judgment.

## NOTIFICATION OF CONSENT JUDGMENT AND ORDER

7. Defendant Hill shall send by first class U.S. mail to each Plan participant identified in Attachment B a copy of this Consent Judgment and Order within twenty (20) days of its entry by the Court. Defendant Hill shall certify compliance with this provision through a letter sent to the U.S. Department of Labor to the address set forth in paragraph #9 within forty (40) days of the entry of this Consent Judgment and Order by the Court.

8. Defendant Hill shall submit documentation of payment within ten (10) days of each payment verifying the allocation to, and receipt of, funds in each participant account to the U.S. Department of Labor to the address set forth in paragraph #9.

9. All notices and communications to the U.S. Department of Labor shall be sent to:

> U.S. Department of Labor
> Employee Benefits Security Administration
> Washington District Office
> 1335 East-West Highway, Suite 200
> Silver Spring, MD 20910

3

10. All notices or communications to Sherry Hill shall be sent to:

>Brian J. McAuliffe, Esq.
>114 South Maple Avenue
>Martinsburg, WV 25401
>Email: MCALAW2000@)AOL.COM

If there is any change in contact information, Defendant Hill shall send such new information to:

>U.S. Department of Labor
>Employee Benefits Security Administration
>Washington District Office
>1335 East-West Highway, Suite 200
>Silver Spring, MD 20910

11. Within ten (10) days after entry, Defendant Hill shall send a copy of this Consent Judgment and Order to <u>Edward Jones, Inc., 120a West Washington Street, Charles Town, W.V. 25414</u> (or any successor custodian to the Plan). A copy of this Consent Judgment and Order shall constitute instructions to Edward Jones (or any successor custodian of the Plan) to accept the installment payments to the Plan pursuant to this Consent Judgment and Order and to allocate the payments to the participants listed in Attachment B. Defendant Hill shall include a statement of instruction with each monthly payment identifying the Plan, along with the name, social security number and monthly allocation amount for each participant receiving a payment consistent with the percentage allocations set forth in Attachment B.

## TERMINATION OF PLAN

12. Within One Hundred Twenty (120) days after full payment to the accounts of the Plan as indicated above, Defendant Hill shall properly terminate the Stinger Sheet Metal, Inc. SIMPLE IRA Plan in her capacity as employer/plan sponsor and file all required documentation with the Internal Revenue Service and the U.S. Department of Labor and send all required notices to Plan participants.

## ERISA FIDUCIARY BAR

13. Defendant Hill shall be permanently enjoined from acting in a fiduciary capacity within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), including but not limited to refraining from serving as a Trustee or Administrator with respect to any ERISA-covered employee benefit plan.

## FEES, COSTS & EXPENSES

14. Each party shall bear its own fees, costs and expenses in connection with this action. No costs incurred through notifications or verifications required by this Consent Judgment shall be paid from Plan assets.

## AUTHORIZED PARTIES

15. The individuals executing this Consent Judgment and Order on behalf of the parties hereto certify that they have been authorized by the parties to do so.

## CONTINUING JURISDICTION

16. The Court shall maintain jurisdiction over this matter only for the purpose of enforcing this Consent Judgment and Order.

17. The parties understand that nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor.

IT IS SO ORDERED THIS 23rd DAY OF ~~APRIL~~ May, 2014

_____
United States District Judge


Defendant Sherry L. Hill hereby moves for entry of this Judgment and Order:

_____      Dated: 4/8/14
By:  Sherry L. Hill
     Individually, and as fiduciary of the
     Stinger Sheet Metal, Inc. SIMPLE IRA Plan

Plaintiff Thomas E. Perez, Secretary of Labor, hereby moves for entry of this Judgment and Order:

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

_____      Dated: 4/11/14
Donald E. d'Entremont
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

*Post Office Address*:
Office of the Solicitor           Tel: (617) 565-2500
JFK Federal Building              Fax: (617) 565-2142
Room E-375
Boston, MA  02203

5

ATTACHMENT A

AO 245B (Rev. 09/08) Judgment in a Criminal Case
v1    Sheet 6 — Schedule of Payments

DEFENDANT: SHERRY LYNN HILL
CASE NUMBER: 3:10CR47

Judgment Page: 5 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑ Lump sum payment of $ __31,866.20__ due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance with ☐ C ☐ D, ☐ E, ☑ F, or ☑ G below); or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F, or ☐ G below); or

C  ☐ Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

   Financial obligations ordered are to be paid while the defendant is incarcerated, and if payment is not completed during incarceration, it is to be completed by the end of the term of supervised release; or
   *Special Assessment Fee of $100.00 paid in full on January 24, 2011.

G  ☑ Special instructions regarding the payment of criminal monetary penalties:

   The defendant shall immediately begin making restitution and/or fine payments of $ __500.00__ per month, due on the tenth of each month. These payments shall be made during incarceration, and if necessary, during supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to Clerk, U. S. District Court, Northern District of West Virginia, P.O. Box 1518, Elkins, WV 26241.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Restitution is to be paid joint and several with other related cases convicted in Docket Number(s): _____

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

ATTACHMENT B

| Participant Name | Money Owed | Percentage of Monthly Payment (Rounded) | Share per $300 minimum payment (Rounded) 67 Months |
|---|---|---|---|
| Clarence Fultz | $1,758.65 | 9% | $27 |
| Charles Hamilton | $5,988.55 | 30% | $90 |
| Jerry Hill | $5,962.55 | 29% | $87 |
| Gerald Johnston | $3,480.00 | 17% | $51 |
| Troy Southard | $917.60 | 5% | $15 |
| Sylvester Woodward | $2,013.60 | 10% | $30 |
| **TOTAL** | $20,121.95 | 100% | $300.00 |